ATLANTA OIL & FERTILIZER CO. *v.* PHOSPHATE MINING CO.

ATKINSON, J. 1. This action was brought by a corporation engaged in mining phosphate-rock, against another corporation engaged in manufacturing fertilizer, to recover damages for an alleged failure to receive and pay for certain rock as provided in a written contract. The contract was signed by both corporations and stipulated for delivery, "f. o. b. mines," of stated quantities of rock in approximately equal monthly quantities during each year for a stated series of years, at a specified price per ton. The contract also contained provisions as follows: "While this contract is in form an absolute sale for a fixed quantity in each year, it is mutually understood and agreed that the purchase is for buyer's [?] and consumption, and not for a sale [resale], the buyer agreeing to give to seller the refusal of any surplus over and above the actual consumption. Buyers are at liberty to increase or diminish the quantities called for in any year, to the extent of not exceeding 10%: providing that the quantity to be taken

shall not be less than buyers' consumption; providing further that notice of such increase or diminished demand be given sellers twelve months advance of such change." *Held*, that the contract, properly construed, was for the sale ·of stated quantities of rock, deliverable in approximately equal quantities during each year for ·a specified series of years, subject only to be increased or diminished after specified notice in any year, where the amount taken would not be less than the buyer's consumption, not exceeding ten per cent. The rock was intended by both parties for consumption in the fertilizer plant of the buyer, but the quantity to be taken was not limited by the necessities of the plant.

(*a*) The contract was not unilateral.

2. The petition as finally amended alleged that specified quantities of rock were delivered, accepted, and paid for according to the contract during certain periods embracing the years 1910, 1911, and the month of March, 1912, but that during the periods last mentioned the defendant refused to accept and pay for the full monthly quota, as bound to do under the contract. The market value was less than the contract price, and the suit was to recover the difference. Attached to the petition were copies of letters between the parties, illustrating the course of dealing under the contract. These showed that during the periods mentioned there were, by mutual consent, frequent suspensions of shipments on account of efforts to conform to the necessities of the defendant's business, so that for several months at a time there would be no shipments, and at other times the shipments would exceed the monthly quota specified in the contract, but ˙at the end of the year there was a deficiency in the deliveries. The plaintiff was always pressing the defendant to take rock, and the defendant was asking delay, and the requests were granted. This continued until the parties disagreed, in March, 1912, on account of the plaintiff's demand that the defendant accept larger quantities than the monthly quota. When the disagreement came the plaintiff instituted suit based on the failure to accept the rock in terms of the contract during the years 1910, 1911, and the month of March, 1912. *Held*, that the correspondence showed no more than forbearance of the seller to insist on deliveries in approximately equal monthly quantities, and a consent to deliver the rock at other times and in such amounts as requested by the purchaser, with a clear recognition that the aggregate yearly quantity was not to be varied. Such forbearance did not amount to a novation of the contract or to such departure from its terms as to excuse the purchaser from its obligation to take the full amount as contracted for at the end of the year. Civil Code, § 4227.

(*a*) The petition was not subject to general demurrer.

3. The excerpts from the charge to the jury, upon which error was assigned, were in substantial accord with the rulings announced in the preceding notes.

4. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 15, 1915.

Complaint. Before Judge Pendleton. Fulton superior court. May 23, 1914.

*King & Spalding* and *D. W. Blair,* for plaintiff in error.
*Evins, Spence & Moore,* contra.